# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PATRICK AGERS,**

        **Plaintiff,**

**v.**                                             **Case No:   6:19-cv-1275-Orl-78LRH**

**KENCO SIGNS AND AWNING, LLC and**
**RAYMOND WEBB,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 10)** |
| **FILED:** | **November 6, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.   BACKGROUND.

On July 11, 2019, Plaintiff Patrick Agers filed a complaint against Defendants Kenco Signs and Awning, LLC and Raymond Webb.  Doc. No. 1.  Plaintiff alleges that during his employment with Defendants, they misclassified him as an independent contractor and failed to pay him overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Before Defendants responded to the complaint, and before a scheduling order was entered in this case, Plaintiff filed a notice of settlement.  Doc. No. 9.  On November 6, 2019, the parties filed a

Joint Motion for Approval of Settlement, which was referred to the undersigned.   Doc. No. 10.

The parties have included with the motion a fully executed copy of their Settlement Agreement and

Release of Claims ("Agreement").   Doc. No. 10-1.   The parties request that the Court approve the

Agreement pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982),

and dismiss the case with prejudice.

## II.   APPLICABLE LAW.

In *Lynn's Food Stores*, the Eleventh Circuit explained that claims for compensation under

the FLSA may only be settled or compromised when the Department of Labor supervises the

payment of back wages or when the district court enters a stipulated judgment "after scrutinizing

the settlement for fairness."   *Lynn's Food Stores*, 679 F.2d at 1353.   A court may only enter an

order approving a settlement if it finds that the settlement "is a fair and reasonable resolution of a

bona fide dispute," of the plaintiff's FLSA claims.   *Id.* at 1353–55.   In doing so, the Court should

consider the following nonexclusive factors:

> • The existence of collusion behind the settlement.
> • The complexity, expense, and likely duration of the litigation.
> • The state of the proceedings and the amount of discovery completed.
> • The probability of plaintiff's success on the merits.
> • The range of possible recovery.
> • The opinions of counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).   The

Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that

are actually in dispute.   *Lynn's Food Stores*, 679 F.2d at 1354.   There is a strong presumption in

favor of settlement.   *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.   *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

When a settlement agreement includes an amount for attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[2]  The parties may demonstrate the reasonableness of the attorney fees by either: (1) using the lodestar method; or (2) representing that the parties agreed to the plaintiff's attorney's fees separately and without regard to the amount paid to settle the plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## III.   ANALYSIS.

### A.   *Whether Plaintiff Has Compromised His FLSA Claims.*

Pursuant to the Agreement, Defendants will pay Plaintiff $3,000.00 in unpaid wages, $500.00 in liquidated damages, and $3,500.00 in attorney's fees.   Doc. No. 10-1 ¶ 3.   The parties settled Plaintiff's claims before he filed answers to the Court's interrogatories and before he provided the Court with any information about the value of his claims.   Moreover, Plaintiff did not specify in the Complaint any amount of alleged unpaid overtime or identify any precise monetary demand.

In the joint motion, the parties explain that Plaintiff will receive "full damages" in the amount of $3,000.00 plus $500.00 in liquidated damages.   Doc. No. 10, at 3; *see* Doc. No 10-1 ¶ 3. The parties came to an agreeable calculation on damages after a review of time and pay records from Plaintiff's employment.   Doc. No. 10, at 3.   The parties agree, however, that Plaintiff has compromised his liquidated damages claim.   *See id.*

---

[2] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority.   *See* 11th Cir. R. 36–2.

Based on these representations, because Plaintiff will receive less under the Agreement than the amount he claimed that he was owed for his wage claim under the FLSA, specifically in regard to liquidated damages, Plaintiff has compromised his claim within the meaning of *Lynn's Food*. *See Bonetti*, 715 F. Supp. 2d at 1226 ("Broadly construed, a compromise would entail any settlement where the plaintiff receives less than his initial demand.").

 B.  *Reasonableness of the Settlement Amount.*

Because Plaintiff has compromised his FLSA claim, the Court must, under *Lynn's Food*, evaluate whether the settlement amount that he agreed to accept is reasonable.   Both Plaintiff and Defendants are represented by experienced counsel in this matter.   Doc. No. 10, at 3.   The parties exchanged all available pay and time records from Plaintiff's employment, and the parties were able to calculate the average number of hours Plaintiff worked per week.   *Id.*   The parties state that they believe that the settlement is fair given the records exchanged and the parties coming to agreeable calculations on damages.   *Id.*   The parties have also considered "Defendants['] affirmative defenses, the vagaries of trial, and the potential length of litigation."   *Id.*   The parties state that they believe the amount in liquidated damages (16.6% of the total liquidated damages claimed) represents a "fair compromise" based on Defendants' affirmative defense regarding Plaintiff's status as an independent contractor.   *Id.* at 3–4.   Thus, the parties agree that their settlement is reasonable in this case.   *Id.* at 4.

Because these representations adequately explain the reasons for the compromise of Plaintiff's FLSA overtime claim, I recommend that the Court find the amount of the settlement reasonable.   *See Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

C.      *Attorney's Fees and Costs.*

Because Plaintiff has compromised his FLSA claim, the Court must also consider whether the payment to his attorney is reasonable to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Plaintiff agreed to accept in settlement.   *See Silva*, 307 F. App'x at 351.   Pursuant to the Agreement, Plaintiff's counsel will receive $3,500.00 for the work performed on Plaintiff's behalf.   Doc. No. 10, at 4; Doc. No. 10-1 ¶ 3.    The parties represent that the "attorneys' fees and costs were negotiated separately from the settlement of the wage claims and did not bear any weight on the amounts received by Plaintiff," citing *Bonetti*.   Doc. No. 10, at 4.

Based on these representations, and in the absence of objection, I recommend that the Court find that the amount of attorney's fees Plaintiff's counsel will receive is reasonable and does not taint the amount that Plaintiff agreed to accept for resolution of his FLSA wage claim.   *See Bonetti*, 715 F. Supp. 2d at 1228 (finding that when attorney's fee issue is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement").

D.      *Other Terms of the Agreement.*

Upon review, the Agreement does not contain a broad general release, confidentiality provision, non-disparagement clause, or other potentially problematic provision that would undermine the fairness of the parties' settlement.   *See* Doc. 10-1.   As to the release of claims, a release in an FLSA settlement agreement "is generally reasonable so long as it is narrowly-tailored to the wage claims asserted in the complaint."   *Monahan v. Rehoboth Hosp., Inc.*, No. 6:15-cv-1159-Orl-40KRS, 2015 WL 9258244, at *2 (M.D. Fla. Dec. 18, 2015).

The Agreement contains a release that provides:

Plaintiff, for himself and his attorneys, heirs, executors, administrators, successors and assigns, hereby waives and releases, knowingly and willingly, Defendants . . .

> from any and all wage claims of any nature whatsoever Plaintiff has arising out of or related to the payment of wages during his employment with Defendants, known or unknown, including, but not limited to, any claims Plaintiff may have under the Fair Labor Standards Act ("FLSA"), the Florida minimum wage statute, and any and all other applicable state, federal, county, or local ordinances, statutes or regulations, including claims for attorneys' fees which relate to the payment of wages. . . .

Doc. No. 10-1 ¶ 2.

I note that some Judges in this District have found that in FLSA cases, releases limited to wage claims generally are reasonable.  *See, e.g.*, *Grissam v. Ranraj Singh Dhanju I, Inc.*, No. 6:16-cv-1368-Orl-41KRS, 2016 WL 7210946, at *1 (M.D. Fla. Dec. 13, 2016); *Cooper v. Garda CL Se., Inc.*, No. 15-cv-1677-Orl-40KRS, 2015 WL 9244682, at *1 (M.D. Fla. Dec. 18, 2015).   However, other Judges have determined that the release of related state law claims not raised in the complaint render such a release "per se unreasonable under *Lynn's Food* because it confers an undeserved benefit upon Defendant without furthering the resolution of any *bona fide* FLSA dispute."  *See Colon v. Garda CL Se., Inc.*, No. 6:14-cv-1777-Orl-37KRS, 2015 WL 13812275, at *1 n.1 (M.D. Fla. July 21, 2015).

The presiding District Judge has recently approved release language extending to wage claims beyond those specifically asserted in the complaint.  *See Hollis v. Petry, et al.*, No. 6:19-cv-1070-Orl-78DCI, Doc. No. 23 (M.D. Fla. Oct. 28, 2019) (approving release in FLSA settlement agreement limited to "any and all known or known wage and hour and wage/pay-related claims, demands, actions, or causes of action arising or accruing on or before the date of Plaintiff's execution of this Agreement, including those brought or which could have been brought under the FLSA in the Lawsuit or under any other federal, state, or local laws or ordinances, or common law . . . .").

Accordingly, because the Court has previously concluded that the release of related wage claims not raised in the complaint is permissible, I recommend that the Court find that the release

in this case does not undermine the fairness of the parties' settlement.  *See id.*; *see also Grissam*, 2016 WL 7210946, at *1; *Cooper*, 2015 WL 9244682, at *1.[3]

## IV.   CONCLUSION.

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** the Joint Motion for Approval of Settlement and Incorporated Memorandum of Law (Doc. No. 10);

2. **FIND** that the parties' Agreement (Doc. No. 10-1) is a fair and reasonable resolution of a bona fide dispute under the FLSA;

3. **DISMISS** the case with prejudice; and

4. **DIRECT** the Clerk of Court to close the file.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection.**

---

[3] Should the Court conclude that the release of related wage claims not raised in the complaint renders the release per se unreasonable, I note that although the Agreement contains a severability provision, it specifically does not apply to the language of the release.   Doc. No. 10-1 ¶ 13.

Recommended in Orlando, Florida on November 22, 2019.


LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy